FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT -5 AM 9: 45

CLERK_____
SO. DIST. GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

JOHN WESLEY BEMBRY,                 )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )       Case No. CV407-046
                                    )
AL ST. LAWRENCE, CHATHAM            )
COUNTY JAIL,                        )
                                    )
        Defendants.                 )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1.

On April 5, 2007, the Court granted plaintiff leave to proceed *in forma*

*pauperis* on the condition that he return a Prisoner Trust Account

Statement form and a Consent to Collection of Fees from Trust Account

form within thirty days of the order. The Court informed plaintiff that his

failure to return these forms would result in a recommendation that this

case be dismissed. Plaintiff has returned the two forms; the case therefore

is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. See Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, a pre-trial detainee at the Chatham County Jail, has enumerated a barrage of complaints regarding allegedly "dehumanizing" prison conditions. Doc. 1. His complaint seeks redress for overcrowding, double-celling, long hours of lockdown, cold food, small food portions, dirty food utensils, poor sanitation and air circulation, dirty showers, deprivation

2

of property, deprivation of medical care, increased stress, exposure to homosexual activities, lack of jobs, deprivation of intelligent conversation, limited access to the law library, lost mail, deprivation of family contact, deprivation of home furnishings, and the high cost of phone service. Id. at 5. This list is nonexhaustive. Id. Plaintiff has listed Sheriff Al St. Lawrence and the Chatham County Jail as defendants. For the reasons that follow, the Court recommends that plaintiff's claims be **DISMISSED**.

Plaintiff's suit against Al St. Lawrence appear to be based solely on his position as the official charged with overall supervision of the jail. Plaintiff has failed to offer any specific allegations as to how defendant St. Lawrence has contributed to the alleged deprivations. Id. In fact, St. Lawrence is never once mentioned in the body of the complaint. Id. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the

alleged constitutional deprivation. <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986); <u>Fundiller v. Cooper City</u>, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Plaintiff fails to allege any causal connection between any of his allegations and any policies, customs, or conduct of Sheriff Al St. Lawrence. Plaintiff's complaint as to defendant Al St. Lawrence is therefore meritless.

Plaintiff's other named defendant, Chatham County Jail, is not an entity subject to suit under § 1983. <u>See</u> <u>Lovelace v. DeKalb Central Probation</u>, 144 Fed. App'x 793, 795 (11th Cir. 2005) (county police

department not a legal entity subject to suit); <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); <u>Lesikar v. Medical Staff</u>, 2002 WL 441404, at *4 (N. D . Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence). Plaintiff's complaint against Chatham County Jail is therefore meritless.

As the complaint fails to name a defendant against whom relief may be sought, plaintiff's complaint should be **DISMISSED**.


**SO REPORTED AND RECOMMENDED** this _3rd_ day of **October, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA